**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSEPH A. BURPEE** | § | |
| **Comal County #644889** | § | |
| | § | |
| **V.** | § | **A-22-CV-352-LY** |
| | § | |
| **HAYS COUNTY** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Joseph Alexander Burpee's complaint. Burpee, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

**I. STATEMENT OF THE CASE**

At the time he filed his complaint, Burpee was confined in the Comal County Jail. Burpee asserts he was convicted on March 4, 2022, of two counts of felony possession of a controlled substance. He claims the prosecutor informed the jurors their job was to determine only if Burpee had possession and not whether any of his rights were violated. Burpee contends his Fourth Amendment rights were violated on August 10, 2019, presumably at the time of his arrest. He states there was "no consent, no probable cause, no search warrant, no inventory list." He sues Hays County for his alleged wrongful conviction and seeks $25 million in damages.

## II. DISCUSSION

### A.      Screening

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations

need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

**B.    *Heck*-Barred**

Burpee's claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. A claim that falls under the rule announced in *Heck* is legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

In this case Burpee does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Burpee's recitation of the procedural history in this case indicates just the opposite. Accordingly, Burpee's complaint is frivolous and barred by *Heck*.

### III. CONCLUSION

Burpee's frivolous complaint should be dismissed without prejudice to refile once the conditions of *Heck* are met.

## IV. RECOMMENDATION

It is therefore recommended that Burpee's complaint be **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e). Burpee should be allowed to refile his complaint once the conditions of *Heck* are met.

It is further recommended that Burpee be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

    **SIGNED** this 13th day of April 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE